UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Plaintiff,

v.

CARMEN SCOTT and JULIE SCOTT,

    Defendants.
_____/

## COMPLAINT FOR INTERPLEADER

Plaintiff, Hartford Life and Accident Insurance Company ("Hartford"), hereby sues Defendant Carmen Scott ("Carmen") and Defendant Julie Scott ("Julie"), and states as follows:

1. This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").

2. The Court has jurisdiction of this action pursuant to 29 U.S.C. § 1132 as the matter arises under ERISA.

3. Venue is proper in the United States District Court, Northern District of Florida, pursuant to 28 U.S.C. § 1397, because one or more of the Defendants resides in this District. Venue is also proper pursuant to § 1132(e) of ERISA.

## Parties

4. Hartford, at all times relevant herein, was and is an insurance company incorporated under the laws of the State of Connecticut with its principal place of business and headquarters in that state.

5. Carmen is a citizen of the State of Florida who resides in Bay County, Florida.

6. Julie is a citizen of the State of Florida who resides in Walton County, Florida.

## Relevant Facts

7. Hartford issued a group life insurance policy bearing Policy Number GL-402839 (the "Policy") to Premise Health Holding Corp. ("Premise Health").

8. The Policy funds an employee welfare benefit plan established and maintained by Premise Health for its employees within the meaning of ERISA, and, therefore, the Policy is governed by ERISA.

9. Christopher Scott (the "Insured"), as an employee of Premise Health, was insured by the Policy.

10. The Insured passed away on April 4, 2021, following an auto accident.

11. At the time of his death, the Insured had basic term life insurance coverage under the Policy in the amount of $132,000.

12. At the time of the Insured's passing, Carmen was named in Hartford's records as the beneficiary of his basic term life insurance coverage under the Policy.

13. Carmen has submitted to Hartford a claim for the proceeds of the Insured's basic term life insurance coverage under the Policy (the "Proceeds").

14. Julie, the mother of the Insured, has informed Hartford that she disputes Carmen's entitlement to the Proceeds on the ground that Julie is in actuality the correct beneficiary. Julie has retained counsel and urged Hartford to interplead the Proceeds.

## **Grounds for Interpleader**

15. Due to the potential conflicting claims of the Defendants, Hartford is unable to safely determine and is in doubt as to who is the rightful beneficiary and/or who should be paid the Proceeds.

16. Hartford has no claim to, or interest in, the Proceeds, and is a disinterested, innocent stakeholder which otherwise has no dispute with either of the Defendants and has done nothing to create this controversy.

17. Hartford is in danger of having multiple lawsuits filed against it, and of being exposed to double or multiple liability.

18. Hartford, at all times material hereto, has been ready, willing and able to pay the Proceeds to the person(s) entitled to them and is similarly ready, willing and able to pay the Proceeds into the Registry of the Court.

19. All conditions precedent to the bringing of this action have been met, satisfied, discharged, excused or waived.

20. Hartford has been required to engage the undersigned attorneys to represent it in this action and is obligated to pay these attorneys a reasonable fee for their services. Hartford asserts its entitlement to recover its attorneys' fees in bringing this action.

**WHEREFORE**, Hartford requests that the Court:

(a) Permit Hartford to pay the Proceeds into the Court's Registry;

(b) Upon payment of the Proceeds into the Court's Registry, enter an Order discharging with prejudice Hartford from any and all liability to any of the Defendants with regard to the Proceeds and the Policy;

(c) Enjoin and restrain the Defendants from initiating any action or proceeding against Hartford regarding the Proceeds or the Policy;

(d) Award Hartford its costs and reasonable attorneys' fees incurred in bringing this action;

(e) Determine who is lawfully entitled to the Proceeds; and

(f) Grant such other and further relief as the Court may deem just and proper.

**Dated** this 1st day of September, 2021.

Respectfully submitted,

*/s/ Jonathan M. Fordin*
Jonathan M. Fordin, Esq.
Florida Bar No. 371637
Jerel C. Dawson, Esq.
Florida Bar No. 152390
*jfordin@shutts.com*
SHUTTS & BOWEN LLP
200 South Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Telephone:  305-347-7390
Fax:  305-347-7790
*Counsel for Plaintiff*