IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,**

    Plaintiff,

v.                                         Case No. 5:21-cv-173-AW-MJF

**CARMEN SCOTT and JULIE SCOTT,**

    Defendants.

_____/

## ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES

Hartford filed this interpleader action after Defendants asserted competing claims to life insurance proceeds. The court granted interpleader relief and dismissed Hartford. ECF No. 57. Hartford now seeks fees, contending that disputes over the interpleader action were unduly drawn out. ECF No. 61 at 3. Defendants oppose the request. ECF Nos. 63, 64.

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). Typically, the innocent stakeholder can recover attorney's fees in return for facilitating "a cost-efficient resolution of a dispute in a single forum," which allows the parties and the courts to avoid "multiplicitous, piecemeal litigation." *Id.* Hartford

1

concedes, however, that insurance companies typically do not recover attorney's fees in interpleader actions, because their interpleader claims arise out of the normal course of their business. *Id.*; *see also* ECF No. 61 at 2-3.

Here, Hartford argues that its fees did not arise in the normal course of business because Defendants initially opposed interpleader until the parties settled confusion over the policies at issue. *See* ECF No. 61 at 3 (citing *Mandalay Shores*, 21 F.3d at 383 n.2). But with one exception, Hartford has not shown that the ordinary-course-of-business rule shouldn't apply here.

Hartford's two interpleader motions were in the ordinary course of business. Although Hartford argues that Defendants' opposition to the first motion was misguided because Hartford had provided them with relevant policy information, ECF No. 71 at 9, it has not shown that anything was particularly out of the ordinary. It is true that many interpleaders go more smoothly and without opposition, but that is not always the case. And minor bumps in the road—or even opposition that is imprudent in hindsight—does not justify departing from the ordinary rule.

Hartford also cannot recover fees for opposing Julie Scott's motion to intervene as a third-party claimant. *See* ECF Nos. 42, 51. Because the decedent's estate (rather than Julie Scott personally) may have held a plausible claim to the funds, joinder would have helped rather than hindered Hartford's effort to identify

competing claims.[1] *Cf. Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.*, 537 F. Supp. 1147, 1151-52 (M.D. Fla. 1982) (denying attorney's fees in interpleader action that were spent opposing motion to set aside default against potential claimant). There was nothing unusual about another claimant's intervention.

Hartford can, however, recover fees incurred responding to Carmen Scott's motion to add a counterclaim (ECF No. 40). At the hearing, the parties agreed that a counterclaim was improper here. And by the time she moved to add a counterclaim, Carmen Scott was aware that the "basic" life insurance policy at issue in the interpleader action was unrelated to any other policy or coverage she might have a claim to. *Compare* ECF No. 1 ¶ 11 (identifying "basic term life insurance" as the funds at issue); *with* ECF No. 61-1 at 19 (distinguishing basic coverage from other coverage); *and* ECF No. 40-1 ¶ 16 (adding counterclaim to policies other than basic term life). Because the proposed counterclaim was improper, Hartford's response to it (ECF No. 52) fell outside the normal costs associated with interpleader actions. It may therefore recover its expenses for filing ECF No. 52, though fees related to that limited issue are likely quite small.

---

[1] Indeed, at the hearing, the parties seemed to agree that the Julie Scott in her personal capacity had no interest in the funds but could contest them as representative of the estate. The court granted the estate's motion to intervene when it granted Hartford's renewed motion for interpleader. ECF No. 57 at 2.

The motion for a determination of entitlement to fees (ECF No. 61) is GRANTED in part. The parties must confer and otherwise comply with Local Rule 54.1.

SO ORDERED on April 22, 2022.

s/ *Allen Winsor*
United States District Judge
